```
1   CONNON WOOD LLP
    NICHOLAS P. CONNON, State Bar No. 150815
2   nconnon@connonwood.com
    ROBERT A. de By, Pro Hac Vice application pending
3   rdeby@connonwood.com
    35 East Union Street, Suite C
4   Pasadena, California 91103
    Telephone:    (626) 638-1750
5   Facsimile:    (626) 792-9304

6   Attorneys for Aldini AG
```

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>ALDINI AG<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Silvaco Inc, for Use in Foreign Proceedings. | Case No. 5:21-mc-80140<br><br>**EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

Applicant, based upon the concurrently filed memorandum of points and authorities and supporting affidavit of Robert A. de By with Exhibits, counsel for Aldini AG, the Declaration of Aldini's French Counsel Maître Cataldo Cammarata, the Declaration of Aldini AG's Head of Debt & Equity Markets Mr. Daniel Baumslag, and pursuant to 28 U.S.C. § 1782, respectfully applies to this Court for an order authorizing it to serve a subpoena substantially in the form of Exhibit A (the "Proposed Subpoena") for the production of documents by Silvaco, Inc. ("Silvaco"), a Delaware corporation qualified for the transaction of intrastate business in the State of California, with California Corporate number C2675421, and headquartered at 2811 Mission College Boulevard, 6th floor, Santa Clara, CA 95054.

The Proposed Subpoena directs Silvaco to produce documents for use in:

1) the pending proceeding in the French Court of Appeal in Grenoble (*Cour d'appel de Grenoble*), set out in paragraph 73(d) of the accompanying Declaration of Mr. Daniel Baumslag, Aldini AG's Head of Debt & Equity Markets, concerning Aldini's appeal against the judgment affirming the lower court's denial of the pre-action disclosure proceeding against Soitec and Dolphin Integration on the basis that Aldini had not yet produced sufficient evidence of fraud;

2) the pending proceeding in the French Commercial Court in Grenoble (*Tribunal de commerce de Grenoble*), set out in paragraph 73(e) of the Declaration of Mr. Daniel Baumslag, Aldini AG's Head of Debt & Equity Markets, against Soitec, Dolphin Design, Dolphin Integration, Maître Bruno Sapin, the firm la Société Administrateurs Judiciaires Partenaires SELARL ("AJ Partenaires"), Maître Christophe Roumezi, Alexandre Colin, the French Public Prosecutor, and Unidec concerning Aldini's third-party objection proceeding (*tierce opposition*) on appeal against the judgment lifting the injunction against the sale of Dolphin Integration's assets during the two years following the pre-pack take-over and against the denial of access to information concerning the lifting of the injunction prohibiting the sale of the Dolphin Integration assets;

3) the contemplated proceeding on the merits in the French Commercial Court in Grenoble (*Tribunal de Commerce de Grenoble*), set out in paragraph 74(a) of the Declaration of Mr. Daniel Baumslag, Aldini AG's Head of Debt & Equity Markets, against MBDA, Soitec, Mr. Antoine Bouvier (former President of MBDA), Mr. José Beriot (Soitec's Vice President of Public Affairs and a former member of the Board of Directors of Dolphin Integration), Mr. Harold van den Bosche (MBDA's Director Industrial Policy & Supply Chain Management and a former member of the Board of Directors of Dolphin Integration), and others for the fraudulent asset stripping and destruction on Dolphin Integration;

4) the contemplated proceeding in the French Commercial Court in Grenoble (*Tribunal de Commerce de Grenoble*), set out in paragraph 74(b) of the

|   |   |   |
|---|---|---|
| 1 |  | Declaration of Mr. Daniel Baumslag, Aldini AG's Head of Debt & Equity |
| 2 |  | Markets, against *inter alia* Dolphin Integration managers and directors, Soitec, and |
| 3 |  | Dolphin Design for corporate law violations and securities fraud; |
| 4 | 5) | the multiple contemplated proceedings in the French Commercial Courts |
| 5 |  | (*Tribunals de Commerce de Grenoble*) in Paris, Grenoble, Lyons, Paris, Versailles, |
| 6 |  | and elsewhere, set out in paragraph 74(c)-(h) of the Declaration of Mr. Daniel |
| 7 |  | Baumslag, Aldini AG's Head of Debt & Equity Markets, against Messrs. Antoine |
| 8 |  | Bouvier (former President of MBDA), Henri Berger (CEO of MBDA), José Beriot |
| 9 |  | (Soitec's Vice President of Public Affairs and a former member of the Board of |
| 10 |  | Directors of Dolphin Integration), Harold Van den Bossche (MBDA's Director |
| 11 |  | Industrial Policy & Supply Chain Management and a former member of the Board |
| 12 |  | of Directors of Dolphin Integration), Michel Depeyrot (founder and former |
| 13 |  | president of Dolphin Integration), and Christian Dupont (former CEO of Dolphin |
| 14 |  | Integration and former President of Dolphin Design) for pre-action disclosure as |
| 15 |  | explained in the accompanying Declaration of Aldini's French Counsel Maître |
| 16 |  | Cataldo Cammarata; |
| 17 | 6) | the contemplated criminal proceeding before the Office of the Public Prosecutor |
| 18 |  | with Aldini as complainant against *inter alia* Soitec, MBDA, and Messrs. Antoine |
| 19 |  | Bouvier, Henri Berger, José Beriot, Harold van den Bossche, Christian Dupont, |
| 20 |  | Thierry Sommelet (President of Dolphin Integration), Paul Bourde (CEO of |
| 21 |  | Dolphin Integration), set out in paragraph 74(i) of the Declaration of Mr. Daniel |
| 22 |  | Baumslag, Aldini AG's Head of Debt & Equity Markets and explained in the |
| 23 |  | accompanying Declaration of Aldini's French Counsel Maître Cataldo |
| 24 |  | Cammarata; |
| 25 | 7) | the contemplated proceeding before the Financial Markets Regulator (*Autorité des* |
| 26 |  | *Marchés Financiers*), AMF with Aldini as complainant and victim/interested party |
| 27 |  | in enforcement proceedings for securities law violation affecting listed company |
| 28 |  | Dolphin Integration set out in paragraph 74(j) of the Declaration of Mr. Daniel |

Baumslag, Aldini AG's Head of Debt & Equity Markets and explained in the accompanying Declaration of Aldini's French Counsel Maître Cataldo Cammarata.

<u>Jurisdiction</u>: There exists federal question jurisdiction pursuant to 28 U.S.C. §1331 because this application is made pursuant to 28 U.S.C. §1782(a), which states in part: "The district court of the district in which a person resides or is found may order him . . ."

<u>Intradistrict Assignment</u>: The basis for assignment to the San Jose division of the Court pursuant to Civil L.R. 3-2(c) is that Silvaco has its main place of business and headquarters in Santa Clara County, while Civil L.R. 3-2(e) states that "all civil actions which arise in the counties of Santa Clara . . . shall be assigned to the San Jose Division."

This application meets the requirements of 28 U.S.C. §1782.  Applicant is and will be an interested party in the existing and contemplated French proceedings and seeks discovery for use in those proceedings.  Respondent has its principal places of business in Santa Clara, California, and can be found in this District.  Respondent is not and will not be a party in the French proceedings.  Applicant is not using this application to circumvent the requirements of any foreign tribunal, and there is no indication that the French court would not be receptive to the discovery.  Finally, the discovery sought is highly relevant to the existing and contemplated proceedings and is neither unduly burdensome nor intrusive.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262-65 (2004).

Section 1782 applications are commonly received and granted *ex parte*, with any privilege issues raised and resolved through a motion to quash made after a subpoena has been authorized and issued.  *See*, *e.g., In re Application of TPK Touch Solutions (Xiamen), Inc.*, 2016 U.S. Dist. LEXIS 159681, *5 (N.D. Cal. Nov. 17, 2016) ("It is both common and proper to conduct an ex parte process for a request to obtain an order authorizing discovery pursuant to Section 1782"); *see also In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) (discussing §1782 and noting that "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte").  This is so because "[w]here, as here, the application is for the issuance of subpoenas, no substantial rights of the subpoenaed person are implicated by such action, as the subpoenaed person, once served, is entitled to move to quash or modify the

subpoenas." *In re Republic of Ecuador*, 2010 U.S. Dist. LEXIS 102158, *7-8 (N.D. Cal. Sep. 15, 2020) (internal quotation marks and citation omitted).

WHEREFORE, Applicant respectfully requests that this Court enter an Order:

1. Approving Applicant's application for discovery in substantially the form of the Proposed Order attached as Exhibit A; and

2. Granting issuance of the Proposed Subpoena substantially in the form in which it appears herein attached as Exhibit B; and

3. Directing Silvaco, Inc. to produce the documents in their possession, custody, or control, as requested in the Proposed Subpoena.

DATED:   Pasadena, California
         June 2, 2021

CONNON WOOD LLP

_____/s/_____
By:   Robert A. de By

35 East Union Street, Suite C
Pasadena, California 91103
*Attorneys for Applicant*